IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20627
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HUGO RODRIGUEZ-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-98-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Juan Hugo Rodriguez-Torres appeals his sentence following his guilty-plea conviction for illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Rodriguez argues that a prior felony conviction is an element of the offense rather than a sentencing factor and that it must be alleged in the indictment. Rodriguez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. New Jersey, 120 S. Ct. 2348 (2000).  Although the Supreme Court in Apprendi questioned its decision in Almendarez-Torres, it did not overrule the case.  See Apprendi, 120 S.Ct. at 2361-62 & n.15; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Rodriguez's argument, therefore, is foreclosed.

Rodriguez additionally maintains that if Almendarez-Torres remains good law after Apprendi, his sentence still must be vacated because the indictment failed to allege that his prior conviction occurred before his last deportation, as opposed to occurring prior to being found in the United States.  This argument also is foreclosed by Almendarez-Torres, as the Supreme Court concluded that 18 U.S.C. § 1326(b)(2), which includes the timing requirement of the aggravated felony, sets forth a sentencing factor and not a separate criminal offense. Almendarez-Torres, 523 U.S. at 235.  Rodriguez has failed to demonstrate error, plain or otherwise, in the indictment.  See United States v. Meshak, 225 F.3d 556, 575 (5th Cir. 2000) (applying plain-error review to sentencing challenge raised for the first time on appeal), cert. denied, 121 S. Ct. 834 (2001).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.